IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Carl M. Robinson, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08cv1255 (CMH/IDD) |
| | ) | |
| Gene M. Johnson, | ) | |
|    Respondent. | ) | |

F I L E D
OCT 16 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Carl Robinson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction for breaking and entering and petit larceny in the Circuit Court of Prince George County. On March 16, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer. Robinson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, Robinson's claims must be dismissed.

### I. Background

On March 23, 2003, Robinson attacked Shaneka Turner at her residence. (Trial Tr. 53, 54). Thereafter, he removed electronic equipment and children's clothing from Turner's apartment. He was tried in the Circuit Court for Prince George's County, Virginia, for violating Virginia Code § 18.2-91 ("statutory burglary") and Virginia Code § 18.2-96 ("petit larceny"). A jury convicted Robinson and the trial court sentenced him to four years and six months imprisonment. Case Nos. CR01000117-00, -01.

Robinson appealed to the Court of Appeals of Virginia, challenging the sufficiency of the evidence. The Court of Appeals denied the petition for appeal on January 26, 2007. Record No.

1088-06-2. Robinson then appealed to the Supreme Court of Virginia. The Supreme Court of Virginia refused the appeal by final order of July 5, 2007. Record No. 070389.

Robinson then pursued a petition for habeas corpus in the Supreme Court of Virginia on October 4, 2007, asserting that the trial court lacked jurisdiction to proceed on the judgment for petit larceny and that Robinson received ineffective assistance of counsel for the same reasons he asserts in this federal pleading. The court denied and dismissed the petition on April 4, 2008. Record No. 072021. On November 21, 2008, Robinson filed the instant federal habeas petition, alleging ineffective assistance of counsel in that counsel failed to:

1. Interview, subpoena, and call three prospective material witnesses: Kenny (the maintenance man), Trevion Armstrong, and Tamara Robinson;

2. Present available exculpatory evidence of and the defense that Robinson resided in Turner's apartment and therefore could not have burglarized it;

3. Object to: (a) the Commonwealth's evidence regarding assault and battery, because it was precluded by the statute of limitations; and (b) the introduction of Turner's written statement, which contained evidence of prior bad acts; and

4. (a) Investigate Robinson's criminal history; (b) object to the Commonwealth's introduction of an alleged summary of his criminal history during the penalty phase of the trial; and (c) object to the presentation of the presentence report because it contained inaccurate information.

On March 16, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer. Robinson requested additional time to respond, which was granted, and he filed his response on April 23, 2009. Based on the pleadings and record before this Court, it is uncontested that Robinson exhausted his claims in the state forum, as required by § 2254. Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a

federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This standard of reasonableness is an objective one. Id. at 410.

### III. Merits

Robinson has failed to show that the state court's adjudications are contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), or are based on an unreasonable determination of the facts, and therefore his ineffective assistance of counsel claims fail. See 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, Robinson must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland, 466 U.S. at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Id. at 694. A successful petition "must show both deficient performance and prejudice," and "the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if the petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and a court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In order to undermine confidence in the case outcome, the petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

A. Claim 1: Failure to interview, subpoena, and call three prospective material witnesses

In Claim 1, Petitioner alleges that counsel provided ineffective assistance by failing to call Kenny (the maintenance man), Tamara Robinson, and Trevion Armstrong as witnesses. The state court found that the claim satisfied neither prong of the Strickland test. This holding is supported by a reasonable determination of the facts.

The decision whether to call a witness is a tactical decision not amounting to ineffective assistance of counsel. See Goodson v. United States, 564 F.2d 1071 (4th Cir. 1977). Here, Robinson failed to demonstrate that calling these witnesses would have resulted in a reasonable probability that the outcome of his trial would have been different. Robinson argues that the

4

witnesses would have testified that Robinson resided in the apartment he burglarized, yet at trial Robinson himself testified that he did not reside there, but with his mother. (Trial Tr. 190, Jan. 19, 2006.) In light of the record, counsel's performance was not so deficient as to suggest that counsel "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Thus, the state court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Accordingly, Claim 1 must be dismissed.

B. Claim 2: Failure to present evidence of and the defense that Robinson resided in the apartment

Petitioner alleges in Claim 2 that counsel provided ineffective assistance by failing to present evidence of and the defense that Petitioner resided in the apartment he was found to have burglarized, and therefore could not have been convicted of burglary. Specifically, he alleges that counsel should have introduced a telephone bill in Robinson's name as evidence that he resided at the apartment. The Supreme Court of Virginia found that Robinson's claim satisfies neither prong of the Strickland test because he did not proffer any argument to suggest that an appellate court would have reversed his conviction, and the evidence supporting the jury's verdict was overwhelming.

The record supports the state court's conclusions. Robinson testified at trial that he resided with his mother, not at Turner's apartment. (Trial Tr. 190, Jan. 19, 2006.) The telephone bill was dated one year after the offense took place, and thus it would not have proven that Robinson resided at the apartment at the time of the offense. Furthermore, Robinson's counsel did not receive the bill until after the trial was completed. Thus, the state court's rejection of this argument was not contrary to or an unreasonable application of Strickland, and was not based on an unreasonable determination

of the facts. Therefore, Robinson's second claim fails.

### C. Claim 3: Failure to object to evidence

Robinson alleges in Claim 3 that counsel provided ineffective assistance by failing to object to (1) the Commonwealth's evidence regarding assault and battery, because it was precluded by the statute of limitations, and (2) the introduction of Turner's written statement, which contained evidence of prior bad acts. The Supreme Court of Virginia held that Claim 3(1) satisfies neither prong of the Strickland test because objecting to the Commonwealth's evidence regarding assault and battery would have been futile. Because counsel is not ineffective for failing to make a futile motion, Robinson has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Thus, Claim 3(1) fails.

The Supreme Court of Virginia also held that Claim 3(2) does not satisfy the Strickland test because the written statement was properly introduced. The record shows that Turner's statement introduced an admissible prior inconsistent statement for impeachment purposes, and the trial judge properly instructed the jury that the evidence was not being admitted for the truth of the matter asserted. Because counsel is not ineffective for failing to make a futile motion, Robinson has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Therefore, Claim 3(2) fails as well.

### D. Claim 4: Failure to investigate Petitioner's criminal history and object to evidence

Robinson alleges in Claim 4 that counsel failed to investigate Robinson's criminal history, object to the Commonwealth's introduction of an alleged summary of his criminal history during the

penalty phase of the trial, and object to the presentation of the presentence report because it contained inaccurate information. The Supreme Court of Virginia held that Claim 4 satisfies neither prong of the <u>Strickland</u> test. The record shows that counsel did review the presentence report with Robinson and gave him a chance to explain inaccuracies to the court. (Trial Tr. 188, 190-91, Jan. 19, 2006.) Thus, Robinson has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different, and Claim 4 fails.

## IV. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 16th day of October 2009.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia